UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OWEN HARTY, Individually, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   Case No. |
| | : |
| SPHYNIX LLC, A Pennsylvania Limited Liability | : |
| Company, | : |
| | : |
|     Defendant. | : |
| _____ | : |

**COMPLAINT**
(Injunctive And Other Relief Demanded)

Plaintiff, OWEN HARTY, Individually, on his behalf and on behalf of all other individuals similarly situated, hereby sues Defendant, SPHYNIX LLC, A Pennsylvania Limited Liability Company, for Injunctive and other Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA").

1. Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff is paralyzed from the waist down and is bound to ambulate in a wheelchair. Plaintiff travels frequently to the Philadelphia metropolitan area to visit his niece, attend gun shows, and maintain his business and client contacts.

2. Defendant's property, Delcroft Shopping Center, 1800 Delmar Dr, Folcroft, PA 19032, is located in the County of Delaware .

3. Venue is properly located in the EASTERN DISTRICT OF PENNSYLVANIA because venue lies in the judicial district of the property situs.  Defendant's property is located in and does business within this judicial district.

4.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.  *See also* 28 U.S.C. §§ 2201 and 2202.

5.  Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant.  Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety.  These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.  Plaintiff is also a tester for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

6.  Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA.  Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and  accommodations at Defendant's property equal to that afforded to other individuals.  Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property if he wishes to do so free of discrimination.

7.  Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public

accommodation that Defendant owns, operates, leases or leases to is known as Delcroft Shopping Center, 1800 Delmar Dr, Folcroft, PA 19032.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from Defendant's non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 10 of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendant.  Plaintiff desires to visit Delcroft Shopping Center not only to avail himself of the goods and services available at the property, but also to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. Defendant has discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 *et seq*.

10. Defendant has discriminated, and is continuing to discriminate, against Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of Delcroft Shopping Center has shown that violations exist.  These violations include, but are not limited to:

Parking

1. Four accessible parking spaces and their adjoining access aisles have a slope steeper than 1:48 (?2%) and lack signage at the western end of Save-A-Lot. The required amount of van accessible parking spaces is not provided at the facility. Signage

missing at each accessible parking space demonstrates a lack of maintain accessible elements. (28 CFR 36.211, 1991 ADA Standards Sections 4.1.2(5b), 4.6.3, 4.6.4; 2010 ADA Standards Sections 208.2.4, 216.5, 502.4, 502.6)

2. Two accessible parking spaces and their adjoining access aisles have a slope steeper than 1:48 (≈2%) and lack signage in front of the Post Office. (1991 ADA Standards Sections 4.6.3, 4.6.4; 2010 ADA Standards Sections 502.4, 502.6)

3. Two accessible parking spaces and their adjoining access aisles between the Post Office & Rite Aid have a slope steeper than 1:48 (?2%) and lack signage. (1991 ADA Standards Sections 4.6.3, 4.6.4; 2010 ADA Standards Sections 502.4, 502.6)

4. Two accessible parking spaces in front of Olive Cleaners sign lack signage. (1991 ADA Standards Section 4.6.4; 2010 ADA Standards Sections 216.5; 502.6)

5. Two accessible parking spaces and their adjoining access aisles near Furniture Mecca have a slope steeper than 1:48 (?2%) and lack signage. (1991 ADA Standards Sections 4.6.3, 4.6.4; 2010 ADA Standards Sections 502.4, 502.6)

6. Two accessible parking spaces and the adjoining access aisle in front of Tropical Nail Salon have a slope steeper than 1:48 (?2%) and lack signage. (1991 ADA Standards Sections 4.6.3, 4.6.4; 2010 ADA Standards Sections 502.4, 502.6)

7. Two accessible parking spaces and the adjoining access aisle in front of Delcroft Beverage have a slope steeper than 1:48 (?2%) and lack signage. (1991 ADA Standards Sections 4.6.3, 4.6.4; 2010 ADA Standards Sections 502.4, 502.6)

8.  The accessible parking space and the adjoining access aisle in front of Chasers have a slope steeper than 1:48 (?2%) and lacks signage. (1991 ADA Standards Sections 4.6.3, 4.6.4; 2010 ADA Standards Sections 502.4, 502.6)

Entrance Access and Path of Travel

9.  The path of travel from the public transportation stop and sidewalk does not lead to an accessible route to the facility. The route leads to a sidewalk that has a cross-slope greater than 1:48 (?2%) and to a curb without the provision of a curb ramp. (1991 ADA Standards Sections 4.3.2(1), 4.3.7, 4.3.8, 4.5.2, 4.7.1; 2010 ADA Standards Sections 206.2.1, 303.2, 402.2, 403.3)

10. The area in front of the entrance to Rite-Aid has a slope that is greater than 1:48 (?2%), which causes an unlevel landing. (1991 ADA Standards Sections 4.13.6; 2010 ADA Standards Section 404.2.4.4)

11. The path of travel from the accessible parking spaces near Furniture Mecca does not lead to an accessible route to the facility. The route leads to a curb ramp with an excessive slope. (1991 ADA Standards Sections 4.3.2(1), 4.3.8, 4.5.2, 4.7.2, 4.8.2; 2010 ADA Standards Sections 206.2.1, 303.2, 303.4, 402.2, 403.4, 405.2, 406.1)

12. The path of travel between Furniture Mecca to Lafayette Pizza leads to a curb without the provision of a curb ramp. (1991 Standards Sections 4.3.2(2), 4.3.8, 4.5.2, 4.7.1; 2010 Standards Sections 206.2.2, 303.4, 402.2, 403.4, 406.1)

13. An accessible path of travel is not provided between Lafayette Pizza & Tropical Nail Salon. The path of travel includes a ramp with a running slope greater than 8.3% and lacks handrails. (1991 ADA Standards Sections 4.3.2(2), 4.3.7, 4.3.8, 4.5.2, 4.8.1,

4.8.2; 2010 ADA Standards Sections 206.2.2, 303.4, 402.2, 403.3, 405.1, 405.2, 405.4)

14 The accessible parking spaces near Tropical Nail Salon are not located on the shortest accessible route to the facility. The path of travel leads to a curb without the provision of a curb ramp. (1991 ADA Standards Sections 4.3.2(1), 4.3.8, 4.5.2, 4.7.1: 2010 ADA Standards Sections 206.2.1, 303.4, 402.2, 403.4, 406.1)

15. An accessible path of travel is not provided between Tropical Nail Salon and Beneficial Bank. The path of travel includes an area with a running slope greater than 5% without the provision of handrails. (1991 ADA Standards Sections 4.3.2(2); 4.3.8; 4.5.2; 4.8.5; 2010 ADA Standards Sections 206.2.1; 303.4; 402.2; 403.3; 405.8; 505)

16. An accessible path of travel is not provided between Delcroft Beverage and United Check Cashing. The path of travel includes an area with a running slope greater than 5% without the provision of handrails. (1991 ADA Standards Sections 4.3.2(2); 4.3.8; 4.5.2; 4.8.5; 2010 ADA Standards Sections 206.2.1; 303.4; 402.2; 403.3; 405.8; 505)

TENANT SPACES

Save-A-Lot - 1850 Delmar Dr, Folcroft, PA 19032

Men's Restroom

17. The restroom door has non-compliant hardware. (1991 ADA Standards Sections 4.13.9, 4.27.4; 2010 ADA Standards Sections 309.4, 404.2.7)

18. There is a threshold higher than ½" at the restroom entrance. (1991 ADA Standards Section 4.13.8; 2010 ADA Standards Section 404.2.5)

19. The required latch side clearance is not provided on the pull side of the restroom door due to a trashcan that obstructs the required clearance. Accessible features are not properly maintained. (28 CFR 36.211; 1991 ADA Standards Section 4.13.6; 2010 ADA Standards Section 404.2.4)

20. The lavatory pipes are not fully wrapped, which exposes a person to a cutting or burning hazard. (1991 ADA Standards Section 4.19.4; 2010 ADA Standards Section 606.5)

21. The mirror is not mounted at a compliant location. (1991 ADA Standards Section 4.19.6; 2010 ADA Standards Section 603.3)

22. The centerline of the water closet is less than 16" from the side wall. (1991 Standards Section 4.16.2; Figure 28; 2010 Standards Section 604.2)

23. The rear grab bar is less than 36" long. (1991 Standards Section 4.16.4; Figure 29; 2010 Standards Section 604.5.2)

<u>Rite Aid - 1838 Delmar Dr, Folcroft, PA 19032</u>

<u>Unisex Restroom</u>

24. The required latch side clearance is not provided on the pull side of the restroom door due to a ladder that obstructs the required clearance. Accessible features are not properly maintained. (28 CFR 36.211; 1991 ADA Standards Section 4.13.6; 2010 ADA Standards Section 404.2.4)

25. The flush control is not mounted on the open side of the toilet's clear floor space. (1991 ADA Standards Section 4.16.5; 2010 ADA Standards Section 604.6)

7

26. The grab bars are not mounted at the required height. (1991 ADA Standards Section 4.16.4, Figure 29; 2010 ADA Standards Section 609.4)

27. The lavatory pipes are not fully wrapped, which exposes a person to a cutting or burning hazard. (1991 ADA Standards Section 4.19.4; 2010 ADA Standards Section 606.5)

28. The mirror is not mounted at a compliant location. (1991 ADA Standards Section 4.19.6; 2010 ADA Standards Section 603.3)

11. The discriminatory violations described in paragraph 10 are not an exclusive list of Defendant's ADA violations. Plaintiff requires an inspection of Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by Defendant because of Defendant's ADA violations, as set forth above. Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, Plaintiff requires an inspection of Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et*

8

*seq*. and 28 CFR 36.302 *et seq*.  Furthermore, Defendant continues to discriminate against Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys"s fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a).  In the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402.  Finally, if Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross

9

receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter Delcroft Shopping Center to make those facilities readily accessible and useable to Plaintiff and all other persons with disabilities as defined by the ADA, or by closing the facility until such time as Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

b. The Court issue all remedies available under 42 U.S.C. Sections 12188 and 2000a-3(a) including but not limited to preventive relief, permanent or temporary injunction, restraining order, or other order, as the Court deems just and proper.

c. The Court issue injunctive relief against Defendant, including an Order

(i)  requiring the Defendant to make all readily achievable alterations to the Property and to the facility operated thereon so that the Property and such facility are made readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

(ii)  requiring the Defendant to make reasonable modifications in policies, practices or procedures as are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities;

(iii)  requiring the Defendant to take such steps as are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; and

(iv) prohibiting the Defendant from perpetuating any acts and practices which result in the exclusion, denial of service to or discriminatory treatment of individuals with disabilities.

c.  An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

THOMAS B. BACON, P.A.

By: _____

John F. Ward, Esquire (I.D. No. 81350)
200 Country Club Rd.
Royersford, PA 19468
Phone:  610-952-0219
Fax:  954-237-1990
johnfward@gmail.com

Thomas B. Bacon, Esquire (I.D. No. 58629)
644 North McDonald St.
Mt. Dora, FL 32757
Phone 954-478-7811
Fax:  954-237-1990
tbb@thomasbaconlaw.com

Date:  October 15, 2018

11

# United States District Court

## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OWEN HARTY, Individually, | : | |
| Plaintiff, | : | |
| v. | : | |
| SPHYNIX LLC, A Pennsylvania Limited | : | **SUMMONS IN A CIVIL CASE** |
| Liability Company, | : | |
| Defendant. | : | **CASE NUMBER** |

_____

To: (Name and address of defendant)
SPHYNIX LLC
684 S. Bryn Mawr Ave.
Bryn Mawr, PA 19010

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

John F. Ward, Esquire
THOMAS B. BACON, P.A.
329 S. Devon Ave.
Wayne, PA 19087

an answer to the Complaint which is herewith served upon you, within twenty-one (21) days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____     _____

Clerk                                                                        Date

_____

(By) Deputy Clerk